Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 2734 | DATE | 6/28/2000 |
| CASE TITLE | ANGELINE BERBAS vs. BOARD OF EDUCATION OF THE CITY OF CHICAGO, et al. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

Motion to Dismiss

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due ______.

(3) ☐ Answer brief to motion due______. Reply to answer brief due______.

(4) ☐ Ruling/Hearing on ______ set for ______ at ______.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on ______ set for ______ at ______.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on ______ set for ______ at ______.

(7) ☐ Trial[set for/re-set for] on ______ at ______.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to ______ at ______.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] The motions to dismiss [13-1; 15-1] are granted. This action is dismissed with prejudice. All pending motions are moot. ENTER MEMORANDUM OPINION AND ORDER.

Suzanne B. Conlon

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | JUN 28 2000 date docketed | |
| ✓ | Notices mailed by judge's staff. | | docketing deputy initials | 22 |
| | Notified counsel by telephone. | | 6/28/2000 date mailed notice | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| WS | courtroom deputy's initials | Date/time received in central Clerk's Office | jad mailing deputy initials | |



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ANGELINE BERBAS, Plaintiff,

v.

BOARD OF EDUCATION OF THE CITY OF CHICAGO, et al. Defendants.

No. 00 C 2734

Suzanne B. Conlon, Judge

**MEMORANDUM OPINION AND ORDER**

Angeline Berbas ("Berbas"), a grade school teacher, filed suit in Illinois state court against the Board of Education of the City of Chicago ("the Board") and Kenneth Anton ("Anton") (collectively "defendants") for retaliating against her after she filed a grievance with her union concerning her teaching assignment. Berbas asserts defendants retaliated against conduct protected by the First Amendment and Art. I, §§ 4 & 5 of the Illinois constitution. Defendants removed the case to this court and now move to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6).

**BACKGROUND**

For purposes of a motion to dismiss, the court accepts all well-pleaded allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff. See Travel All Over the World, Inc. v. Kingdom of Saudi Arabia, 73 F.3d 1423, 1429 (7th Cir. 1996). Berbas is a grade-school teacher employed by the Board and assigned to Bridge school in Chicago. Anton is principal at the Bridge school. During her nine-years of employment by the Board, Berbas has been an active member of the Chicago Teachers Union ("the Union"), the collective bargaining representative of teachers employed by the Board. For the past six years, Berbas has been the Bridge school's delegate to the

22

Union and has also been a member of the Union's professional problems committee. As a member of the committee, Berbas was required to notify the principal of problems in the school requiring attention.

Prior to September 1999, Berbas taught first grade. In September 1999, Anton assigned Berbas to teach a reading program to students requiring special assistance. Berbas taught six classes of this program daily, and each class numbered approximately ten students. Anton assigned Berbas to teach the classes in a small alcove in the school which was not large enough to accommodate the class. On September 6, 1999, Berbas filed a grievance over the assignment through the Union. The grievance requested that Berbas be assigned to a larger classroom or that the number of students in the program be reduced. On January 14, 2000, the Board notified the Union that the grievance was "well-taken" and directed that Anton should re-examine Berbas' assignment to see if other space or enrollment options were available. That same day, Anton removed Berbas from teaching the special reading program, replaced her with a substitute teacher, and assigned Berbas to teach science to all students in grades one through four.

Berbas claims the assignment to teach science constitutes retaliation for complaining about the lack of adequate classroom space and unhealthy environment for the special reading program. Berbas contends Anton's actions were intended to punish her for exercising her right to associate with the Union and to petition the government in filing a grievance. Berbas contends she now has no classroom of her own, but must move among classrooms throughout the day and nine different classrooms per week. Berbas further asserts she must now teach over 320 students, many more students than any other teacher in the school. This includes a class of more than forty students whose primary language is Polish, which Berbas does not speak. Berbas alleges she has been denied assistance to handle this

new load, while other teachers with less responsibilities are permitted aides and parent volunteers. Berbas contends she has only five preparation periods per week to prepare for her classes, while other teachers with lighter schedules have up to eight preparation periods. Finally, Berbas contends she must teach five consecutive periods without a break of any kind, and that her requests for a five minute break during this extended period have been denied.

## DISCUSSION

When ruling on a motion to dismiss, the court considers "whether relief is possible under any set of facts that could be established consistent with the allegations." Bartholet v. Reishauer A.G., 953 F.2d 1073, 1078 (7th Cir. 1992). A complaint may be dismissed for failure to state a claim only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Hedrich v. Pegram, 154 F.3d 362, 369 (7th Cir. 1998).

A claim for retaliation for exercise of First Amendment rights entails a three-step analysis. First, the court must determine whether the plaintiff's conduct was protected under the First Amendment. Kokkinis v. Ivkovich, 185 F.3d 840, 843 (7th Cir. 1999). If so, then the plaintiff must prove that the defendant's actions were motivated by the plaintiff's constitutionally protected conduct. Id. The plaintiff must show defendant would not have taken the challenged actions "but for" the constitutionally protected conduct. Thomsen v. Romeis, 198 F.3d 1022, 1027 (7th Cir. 2000). Finally, if the plaintiff meets her burden, the defendant must show by a preponderance of the evidence that it would have taken the same actions even in the absence of the protected conduct. Id.

The court first examines whether Berbas engaged in constitutionally protected conduct. The conduct at issue is Berbas' filing of the grievance through the Union complaining of teaching conditions. Berbas appears to contend this conduct is protected by two First Amendment rights (1)

the right to freely associate with a collective bargaining representative, and (2) the right to petition the government for redress of grievances. Regardless whether Berbas' claim is viewed as an association claim, a petition claim, or both, it is evaluated under the standards set forth in the Supreme Court's decisions in Pickering v. Board of Education, 391 U.S. 563 (1968) and Connick v. Myers, 461 U.S. 138 (1983). See Griffin v. Thomas, 929 F.2d 1210, 1214 (7th Cir. 1991) (holding association claims are subject to public concern requirement because "we can perceive no rational reason for discriminating (and thus creating a hierarchy) among the rights of speech, petition, and association in applying Connick to First Amendment claims"); Lashbrook v. Oerkfitz, 65 F.3d 1339, 1349 (7th Cir. 1995) ("In order to state a claim for retaliation for exercising first amendment rights by petitioning the government for redress of grievances, a plaintiff must allege that the petition touched upon matters of public concern" (citing Gray v. Lacke, 885 F.2d 399, 412 (7th Cir.1989))).[1]

In Connick, the court explained that "when a public employee speaks not as a citizen upon matters of public concern, but instead as an employee upon matters only of personal interest, absent the most unusual circumstances, a federal court is not the appropriate forum in which to review the wisdom of a personnel decision taken by a public agency allegedly in reaction to the employee's behavior." Connick, 461 U.S. at 147. Therefore, to be protected, "the speech must be on a matter of public concern, and the employee's interest in expressing herself on this matter must not be outweighed by any injury the speech could cause to the interest of the State, as an employer, in

[1] Berbas asserts that the filing of a grievance by a public employee is constitutionally protected conduct under the petition clause regardless of the subject-matter of the grievance. However, not only is San Filippo not the law of this circuit, reliance on San Filippo is disingenuous, as that case explicitly recognized and discussed at length the Seventh Circuit's determination that a public employee's grievance is to be analyzed under the "public concern" framework of Connick. San Filippo, 30 F.3d at 440-41.

promoting the efficiency of the public services it performs through its employees." Waters v. Churchill, 511 U.S. 661, 668 (1994). An employee's conduct does not touch upon a matter of public concern simply because it is union-related. Gregorich v. Lund, 54 F.3d 410, 415 (7th Cir. 1995). Rather, to determine whether the conduct relates to a matter of public concern, the court must examine the "precise content, form, and context" of the conduct. Id.; Connick, 461 U.S. at 147-48. The public concern element is lacking where the conduct "concerns a subject of public interest but the expression addresses only the personal effect upon the employee." Cliff v. Board of School Commissioners of the City of Indianapolis, 42 F.3d 403, 410 (7th Cir. 1995) (citing Marshall v. Porter County Plan Commission, 32 F.3d 1215, 1219 (7th Cir. 1994)). To be a matter of public concern, the conduct must concern more than a personal employee grievance. Hulbert v. Wilhelm, 120 F.3d 648, 653 (7th Cir. 1997) (citations omitted). Moreover, the Seventh Circuit has repeatedly emphasized that the "inquiry must also take into account the point of the speech in question: was it the employee's point to bring wrongdoing to light? Or to raise other issues of public concern, because they are of public concern? Or was the point to further some purely private interest?" Smith v. Fruin, 28 F.3d 646, 651 (7th Cir. 1994) (citing cases).

Berbas contends the complaint sufficiently pleads that the grievance filed through the Union involved a matter of public concern -- namely, the compromised health and safety of public school students resulting from overcrowded and inadequate classroom facilities. It is true the complaint alleges the alcove in which Berbas taught the special needs students contained "insufficient space to accommodate [Berbas] and her students and constituted an unhealthy and unsafe situation." Compl. ¶ 3. The complaint further states Berbas was replaced with a substitute teacher who continued to teach the students "in the same unhealthful and dangerous alcove." Compl. ¶ 6. It is also true that

the health and safety of public school students can certainly be a matter of public concern. In Cliff, the Seventh Circuit acknowledged that the plaintiff teacher's complaints she had difficulty maintaining control because her classes were overly large and general disorder pervaded the school addressed problems "of widespread interest to members of the community." Cliff, 42 F.3d at 410; see also Stever v. Independent Sch. Dist. No. 625, 943 F.2d 845 (8th Cir. 1991). However, Cliff cautioned "the fact that an employee speaks up on a topic that may be deemed one of public import does not automatically render her remarks on that subject protected." Id. (citing Smith v. Fruin, 28 F.3d 646, 651 (7th Cir. 1994)). There, the plaintiff "complained only in response to criticism directed at her classroom performance," and the complaints were "therefore on her own behalf and in her own interest." Id. at 411-12. The court noted that the plaintiff was not attempting to call public attention to those matters because "she limited her complaints to private conversations and to the [collective bargaining agreement's] grievance procedure." Id. at 411. The court concluded the plaintiff's complaint "was addressed only to the personal impact of those issues on [her]." Id. at 409.

Cliff demonstrates Berbas may not rest on her allegations she sought to bring attention to an unhealthy and dangerous environment for her students. Rather, the court must examine the record as a whole to determine whether the grievance concerned a primarily private dispute as opposed to a desire to raise an issue of public concern. In doing so, the court "need not 'ignore any facts alleged in the complaint that undermine the plaintiff's claim.'" Whirlpool Financial Corp. v. GN Holdings, 873 F. Supp. 111, 123 n. 18 (N.D. Ill. 1995) (quoting Arazie v. Mullane, 2 F.3d 1456, 1465 (7th Cir. 1993)). Berbas attached a copy of her grievance letter as an exhibit to the complaint. The court may treat this letter as part of the pleadings. Fed. R. Civ. P. 10(c). Examination of the letter reveals that

Berbas filed grievance for a primarily private purpose -- to vindicate her rights under the collective bargaining agreement and to resolve a private dispute.

The letter asserts "a violation of the Board-Union agreement" involving a "work situation complaint and a misapplication of and a deviation from past practice and policy as stipulated in [the agreement]." Compl. Ex. A. The grievance further states that assigning Berbas to teach in the alcove "is not conducive to the safe and healthy environment that *she* is entitled to as a Board of Education employee under the current Agreement." Id. (emphasis added). In contrast to these references to Berbas' rights under the agreement, the letter does not refer to any potential or actual harm resulting to students or state such harm as grounds for the grievance. Moreover, Berbas directed the grievance toward Anton. Berbas does not allege she attempted to raise her concerns with the greater public in any way. This "decision to deliver the message in private supports an inference that the real concern is the employment relation" and not a public concern. Wales v. Board of Education of Community Unit School District 300, 120 F.3d 82, 84 (7th Cir. 1997). "One good clue to the true nature of [plaintiff's] speech was the person to whom her statements were made; she did not issue a public call to change, but instead complained to supervisors." Khuans v. School District 110, 123 F.3d 1010, 1016 (7th Cir. 1997) (describing Wales, 120 F.3d at 84-85).

Berbas' grievance demonstrates it was not filed to raise awareness of matters of public concern but instead to vindicate her private rights under a collective bargaining agreement. "When such an exhibit contradicts an assertion in the complaint and reveals information which prohibits recovery as a matter of law, the information provided in the exhibit trumps the assertion in the complaint." Banco Del Estado v. Navistar Int'l Transportation Corp., 942 F. Supp. 1176, 1179 (N.D. Ill. 1996); see also Whirlpool, 873 F. Supp. at 123 n. 18 ("where as here an exhibit contradicts the assertions made in the

complaint itself and reveals facts that foreclose recovery as a matter of law, the exhibit controls") (citing Hamilton v. O'Leary, 976 F.2d 341, 345 (7th Cir. 1992); 5 Charles Wright & Arthur Miller, Federal Practice and Procedure: Civil 2d § 1327, at 766-67 (2d ed. 1990)). Accordingly, the record as a whole demonstrates Berbas filed the grievance to vindicate her rights under the collective bargaining agreement and to improve her teaching environment. Therefore, the complaint fails to establish she engaged in constitutionally protected conduct.

## CONCLUSION

The motions to dismiss are granted.

ENTER:

Suzanne B. Conlon
United States District Judge

June 28, 2000